UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. SHAW, CDCR #G05862,<br><br>         Plaintiff,<br><br>vs.<br><br>JEFF MACOMBER, JAMES HILL, DR. SANTO, Y. SATO,<br><br>         Defendants. | Case No.: 3:25-cv-0089-RBM-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [Doc. 2];**<br><br>**(2) DISMISSING COMPLAINT ON SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b) [Doc. 1]; and**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [Doc. 3]** |

  Plaintiff James E. Shaw ("Plaintiff"), an inmate proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") (Doc. 1), along with a Motion to Proceed In Forma Pauperis ("IFP Motion") (Doc. 2), and a Motion for Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65 (Doc. 3). In his Complaint, Plaintiff alleges Defendants Jeff Macomber, James Hill, Santo, and Sato (collectively, "Defendants") violated his constitutional rights, the Americans with Disabilities Act

("ADA"), and the Rehabilitation Act ("RA") when they refused to provide him with single cell housing. (*See generally*, Doc. 1.) For the reasons discussed below, the Court **GRANTS** Plaintiff's IFP motion, **DISMISSES** the Complaint without prejudice for failure to state a claim, and **DENIES** the motion for preliminary injunction without prejudice.

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed in forma pauperis ("IFP") based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4). Prisoners who proceed IFP must pay the balance of the $350 statutory fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Plaintiff provided a copy of his prison trust account statement. (Doc. 2 at 6.) Prior to filing suit, Plaintiff had an average monthly balance of

---

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

$23.75, average monthly deposits of $0.00, and an account balance of $10.45. (*Id.*)

Accordingly, the Court **GRANTS** Plaintiff's IFP Motion and assesses an initial partial filing fee of $4.75 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee only needs to be collected if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The California Department of Corrections and Rehabilitation ("CDCR") must thereafter collect the full balance of the $350 fee owed and forward payments to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

II.   **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(E)(2)(B) & 1915A(B)**

A.   **Legal Standard**

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-

harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Plaintiff's Allegations

In his Complaint, Plaintiff alleges he has been denied a single cell despite having a disability that requires one. Specifically, Plaintiff states he was "classified in 2017 as incontinent." (Doc. 1 at 3.) At some point, Plaintiff requested a single cell assignment because of "his inability to control his bowel movements." (*Id.*) He is "constantly ridiculed" by other inmates because of his condition and has been "assaulted on a few occasions by previous cellmates." (*Id.*) He did not report these incidents, however, because he feared reprisals. (*Id.*) Despite his medical condition, Plaintiff's housing classification has not changed, and he is still assigned "double cell/dormitory" housing. (*Id.*) At the time the Complaint was filed, Plaintiff was being housed in a dormitory setting. (*Id.* at 4.)

Plaintiff states that other "similarly situated" inmates with disabilities are permitted single cell housing while he has been denied it, despite being "elderly," "completely disabled," and incontinent. (*Id.*) As such, he is forced to deal with his incontinence issues in front of other inmates, causing him "mental distress" and embarrassment. (*Id.* at 5.) He also alleges that he fears for his safety because Defendants have refused to adequately accommodate his disability. (*Id.* at 6.)

### C. Discussion

Plaintiff names four defendants in their official capacities: CDCR Secretary Jeff Macomber ("Defendant Macomber"), Donovan Correctional Facilities Warden James Hill ("Defendant Hill"), primary care physician Dr. Santo ("Defendant Santo"), and psychology clinician Dr. Sato ("Defendant Sato"). (*Id.* at 2.) Plaintiff alleges Defendants violated his rights under the Equal Protection Clause, the ADA and RA, and the Eighth Amendment. (*Id.* at 3–6.) He seeks money damages and an injunction requiring Defendants to provide

him with single cell housing. (*Id*. at 8.)

### 1. Equal Protection

Plaintiff alleges that Defendants have failed to provide him with the single cell housing necessary given his medical condition, in violation of his right to equal protection. (Doc. 1 at 5.) The Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection against the laws." U.S. Const. amend. XIV; *see City of Cleburne v. Cleburne Living Ctr*., 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To state an equal protection claim, Plaintiff must plausibly allege that prison officials (1) intentionally discriminated against him (2) based on his membership in a protected class. *Hartmann v. Cal. Dep't of Corr. & Rehab*., 707 F.3d 1114, 1123 (9th Cir. 2013). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). The Supreme Court has also recognized equal protection claims may be brought by a "'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted).

Here, Plaintiff fails to allege that he is a member of a protected class because "the disabled do not constitute a suspect class" for the purposes of equal protection analysis. *Does 1-5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996) (citation omitted). Moreover, Plaintiff fails to allege he was intentionally singled out for disparate treatment by any Defendant *because* he is disabled. *See id*. (citing *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)). "'Discriminatory purpose'. . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Feeney*, 442 U.S. at 279 (internal citation omitted). Plaintiff simply states that other inmates with unspecified disabilities have received accommodations, while he has not. (*See* Doc. 1 at 5.) Plaintiff does not

mention any specific conduct by any named Defendant in his Complaint. As such, his conclusory allegations are insufficient to support his equal protection claim. *See Iqbal*, 556 U.S. at 678; *see also Dews v. Cnty. of Kern*, 599 F. App'x 681, 682 (9th Cir. 2015) (affirming the district court's dismissal of plaintiff's equal protection claim where he failed to "show that he was a member of a protected class or that he was intentionally treated differently from other similarly situated individuals for an irrational reason"); *Williams v. Doe*, 343 F. App'x 196, 197 (9th Cir. 2009) (dismissing "[v]ague and conclusory" § 1983 equal protection allegations for failure to state claim).

Therefore, the Court **DISMISSES** Plaintiff's equal protection claim without prejudice for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

    **2.**    **ADA and RA**

Plaintiff also alleges Defendants violated his rights under the ADA and RA. (*See* Doc. 1 at 3, 5.) As these statutes have similar elements, the Court discusses them together.

To state a claim under Title II of the ADA, a plaintiff must allege: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (internal quotations omitted).

To state a claim under Section 504 of RA, a plaintiff must allege he or she was: (1) an individual with a disability; (2) otherwise qualified to receive the benefit; (3) denied the benefits of the program solely by reason of his or her disability; and (4) the program receives federal financial assistance. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Because of the similarities between the laws and remedies available, a complaint that properly states a claim under Title II of the ADA also states a claim under Section 504 of the RA. *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

While Plaintiff states he has a qualifying disability, he does not allege any facts to

support his claim that Defendants denied him a single cell "*by reason of* his disability." *See Guinn*, 502 F.3d at 1060 (emphasis added). Instead, he simply alleges that his request for a single cell was denied. (*See* Doc. 1 at 3, 5.) Such conclusory statements in the Complaint, unsupported by any specific facts, are insufficient to state an ADA or RA claim. *See, e.g.*, *Regal v. Cnty. of Santa Clara*, Case No. 22-cv-04321-BLF, 2023 WL 2266135, at *7 (N.D. Cal. Feb. 27, 2023) (dismissing ADA and RA claims where the plaintiff failed to allege facts to show services were denied because of his disability).

Accordingly, the Court **DISMISSES** Plaintiff's ADA and RA claims without prejudice for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 3. Eighth Amendment

Finally, Plaintiff alleges that Defendants violated his Eighth Amendment rights by refusing to provide him single cell housing. (Doc. 1 at 6.) The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on prison officials to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). These include "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

A prisoner does not have an Eighth Amendment right to be housed in a single cell. *See Rhodes v. Chapman*, 452 U.S. 337, 347–48 (1981) (finding double-celling does not violate Eighth Amendment unless it amounts to unnecessary and wanton pain). Instead, to properly plead a claim of "cruel and unusual" punishment, Plaintiff must allege facts to demonstrate he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that the prison officials he seeks to hold liable had a "sufficiently culpable state of mind." *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995).

There is both an objective and subjective component to this inquiry. *Hallett v. Morgan*, 296, F.3d 732, 744 (9th Cir. 2002). First, the Eighth Amendment requires that

Plaintiff plead facts sufficient to show he was subjected to an objectively serious deprivation of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 832. The "routine discomfort inherent in the prison setting" is inadequate to satisfy the objective prong of the inquiry. *Johnson*, 217 F.3d at 731.

Second, Plaintiff must allege facts sufficient to plausibly show each official acted with "deliberate indifference" to his health or safety. *Farmer*, 511 U.S. at 834. To do so, Plaintiff must allege facts demonstrating that the official displayed a subjective indifference "to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). "Deliberate indifference" is evidenced only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. If an official "should have been aware of the risk, but was not, then the [official] has not [violated a party's Constitutional rights], no matter how severe the risk." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002); *Farmer*, 511 U.S. at 838 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under [the Eighth Amendment] be condemned as the infliction of punishment.").

Here, while Plaintiff includes the legally significant term, "deliberate indifference," in his Complaint (*see* Doc. 1 at 6), to state a claim, he must provide more than "labels and conclusions" or offer a mere "formulaic recitation of the elements" of an Eighth Amendment claim. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679. ("[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."). Beyond stating that Defendants "refuse to accommodate" his requests for single cell housing, Plaintiff alleges no facts specific to any Defendant. For instance, he fails to provide any factual allegations showing Defendants Macomber, Hill, Santo or Sato "[knew] of and disregard[ed] an excessive risk" to either his mental health or his physical safety with respect to his alleged need for single-cell placement. *See*

*Farmer*, 511 U.S. at 837. Indeed, to the extent Plaintiff alleges he has experienced harassment and threats to his safety due to his housing placement, he concedes he failed to report any of these incidents to any Defendant or other official. (*See* Doc. 1 at 3, 6.) As such, he has failed to plausibly allege Defendants acted with deliberate indifference. *See Iqbal*, 556 U.S. at 678.

The Court therefore **DISMISSES** Plaintiff's Eighth Amendment claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); *see also, e.g., Dillingham v. Garcia*, Case No. 1:19-cv-00461-AWI-GSA-PC, 2021 WL 971331, at *8 (E.D. Cal. Mar. 15, 2021) (dismissing prisoner's Eighth Amendment claims related to double-celling pursuant to 28 U.S.C. § 1915A because he failed to allege facts "showing that either of the defendants knew and understood that Plaintiff had a serious medical or mental health care need which [posed] an excessive risk to [his] health," if he were not single-celled and "ignored it or acted unreasonably under the circumstances.").

### D. Leave to Amend

In light of Plaintiff's *pro se* status, the Court **GRANTS** him leave to amend his Complaint, as outlined at the conclusion of this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III. MOTION FOR PRELIMINARY INJUNCTION

Plaintiff also seeks a preliminary injunction requiring Defendants reclassify him so that he may be "housed in a Level Two facility" and provided with a single cell while he litigates his case. (Doc. 3 at 11.)

Federal Rule of Civil Procedure 65 authorizes courts to issue preliminary injunctions. A "preliminary injunction is 'an extraordinary remedy never awarded as of right.'" *Benisek v. Lamone*, 585 U.S. 155, 158 (2018) (per curiam) (quoting *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). "A plaintiff seeking a preliminary

injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two *Winter* factors have also been met. *Id.* (internal citations omitted). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

As discussed above, Plaintiff fails to state a plausible claim for relief against any Defendant in his Complaint. As such, he fails to carry his burden of persuasion and is not entitled to injunctive relief at this time. *See Williams v. Duffy*, Case No. 18-cv-06921-BLF, 2019 WL 95924, at *3 (N.D. Cal. Jan. 3, 2019) ("[H]aving reached th[e] conclusion [that Plaintiff's complaint failed to state a claim], the Court need not reach the remainder of the *Winter* factors."); *Asberry v. Beard*, Civil No. 13CV2573 WQH (JLB), 2014 WL 3943459, at *9 (S.D. Cal. Aug. 12, 2014) (denying prisoner's preliminary injunction motion because his complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A).

Accordingly, the Court **DENIES** Plaintiff's motion for preliminary injunction without prejudice.

## IV.   CONCLUSION

Based on the foregoing considerations, Plaintiff's IFP Motion (Doc. 2) is **GRANTED**, the Complaint (Doc. 1) is **DISMISSED** without prejudice, and his Motion for Preliminary Injunction (Doc. 3) is **DENIED** without prejudice. The Court further:

1. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $4.75 initial filing fee assessed, *if those funds are available at*

*the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). *All payments must clearly identify the name and case number assigned to this action.*

2. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

3. **GRANTS** Plaintiff leave to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order **on or before May 28, 2025**. Plaintiff's Amended Complaint must be complete by itself without reference to his original Complaint. *See* S.S.D. Cal. Civ. R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file a First Amended Complaint **on or before May 28, 2025**, the Court will enter a final order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

DATE: May 8, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE